1

2

3

4

5

6

7

8                                    IN THE UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN HOSEA HARDIN,

11             Plaintiff,                              No. CIV S-10-1133 EFB P

12       vs.

13   KAREN LATIMER, et al.,

14             Defendants.                  ORDER

15   _____/

16       Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C.

17   § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

18   § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local

19   Rules, Appx. A, at (k)(4).

20       Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

24   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

25   relief."  *Id.* § 1915A(b).

26   ////

1

1          A district court must construe a pro se pleading "liberally" to determine if it states a

2    claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

3    opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  To state

4    a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right

5    secured by the Constitution or laws of the United States was violated, and (2) that the alleged

6    violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487

7    U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim unless the facts

8    establish the defendant's personal involvement in the constitutional deprivation or a causal

9    connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

10   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

11   (9th Cir. 1978).  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.

12   *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

13         Plaintiff purports to bring claims that defendants Latimer and McIntyre were deliberately

14   indifferent to his medical needs by failing to provide treatment for an allegedly broken jaw, in

15   violation of the Eighth Amendment.  However, plaintiff has not alleged sufficient factual matter

16   to state a plausible claim that any defendant was deliberately indifferent to his medical needs in

17   violation of the Eighth Amendment.

18         To state a section 1983 claim for violation of the Eighth Amendment based on inadequate

19   medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

20   indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious

21   medical need is one that significantly affects an individual's daily activities, an injury or

22   condition a reasonable doctor or patient would find worthy of comment or treatment, or the

23   existence of chronic and substantial pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60

24   (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th

25   Cir.1997) (*en banc*).

26   ////

1    Deliberate indifference may be shown by the denial, delay or intentional interference

2  with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United*

3  *States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official

4  must both be aware of facts from which the inference could be drawn that a substantial risk of

5  serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837

6  (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious

7  harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  "[I]t

8  is enough that the official acted or failed to act despite his knowledge of a substantial risk of

9  serious harm."  *Id.* at 842.  A physician need not fail to treat an inmate altogether in order to

10  violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314

11  (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some

12  treatment is prescribed, may constitute deliberate indifference in a particular case.  *Id.*

13  Moreover, it is well established that mere differences of opinion concerning the appropriate

14  treatment cannot be the basis of an Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d

15  330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

16    Plaintiff alleges his jaw was broken and that defendant Latimer told him he was

17  scheduled for surgery.  However, plaintiff claims he did not receive timely surgery because

18  every time surgery was scheduled, it was cancelled after the surgeon spoke with defendant

19  McIntyre, Chief Dental Officer at California State Prison, Solano.  Plaintiff claims a doctor

20  informed him that it was a mistake that he did not have surgery on the day he was injured.

21  Plaintiff does not allege any facts regarding why he did not receive surgery on or near the day of

22  his injury or who was responsible for making that decision.

23    Under the above standards, these facts are insufficient to state a claim that either

24  defendant was deliberately indifferent to plaintiff's serious medical needs.  Plaintiff is hereby

25  reminded that differences of opinion concerning the appropriate treatment cannot be the basis of

26  an Eighth Amendment violation, and that he must allege facts showing that a defendant was

1  aware of a substantial risk of harm to plaintiff, but disregarded that risk by failing to take

2  reasonable measures to abate it.  Plaintiff has not done so in his amended complaint as there are

3  simply no facts to suggest that either Latimer or McIntyre acted with deliberate indifference.  To

4  proceed plaintiff must file another amended complaint.

5          Any amended complaint must adhere to the following requirements:

6          It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

7  Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

8  complaint, the original pleading is superseded.

9          It must show that the federal court has jurisdiction and that plaintiff's action is brought in

10  the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

11  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

12  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

13  *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

14  he does an act, participates in another's act or omits to perform an act he is legally required to do

15  that causes the alleged deprivation).

16          It must contain a caption including the name of the court and the names of all parties.

17  Fed. R. Civ. P. 10(a).

18          Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

19  P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences,

20  the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join

21  multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims

22  against different defendants must be pursued in multiple lawsuits.  "The controlling principle

23  appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

24  alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

25  claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

26  unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

1    different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

2    produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

3    Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

4    without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

5    607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless

6    both commonality and same transaction requirements are satisfied).  Plaintiff may not change the

7    nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d

8    at 607 (no "buckshot" complaints).

9         The allegations must be short and plain, simple and direct and describe the relief plaintiff

10   seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

11   *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

12   including many defendants with unexplained, tenuous or implausible connection to the alleged

13   constitutional injury or joining a series of unrelated claims against many defendants very likely

14   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

15   plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

16   these instructions.

17        Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

18   complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

19   allegations and that for violation of this rule the court may impose sanctions sufficient to deter

20   repetition by plaintiff or others.  Fed. R. Civ. P. 11.

21        A prisoner may bring no § 1983 action until he has exhausted such administrative

22   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth*

23   *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

24   claims are warranted by existing law, including the law that he exhaust administrative remedies,

25   and that for violation of this rule plaintiff risks dismissal of his entire action.

26   ////

1    Accordingly, the court hereby orders that the amended complaint is dismissed with leave

2  to amend within 30 days.  The amended complaint must bear the docket number assigned to this

3  case and be titled "Second Amended Complaint."  Failure to comply with this order will result in

4  this action being dismissed for failure to state a claim. If plaintiff files an amended complaint

5  stating a cognizable claim the court will proceed with service of process by the United States

6  Marshal.

7  Dated:  September 19, 2011.

   EDMUND F. BRENNAN
8  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26